■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS TURANO, Also Known as FRANK TURANO, by RICHARD G. HANDLER, Appellant, v JOHN CUNNINGHAM, as Warden of the New York Correctional Institution for Men, Respondent. [53.] THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR PHILLIPS, by FREDERIC A. STROM, Appellant, v JOHN CUNNINGHAM, as Warden of the New York Correctional Institution for Men, Respondent. [53A; M-1000.]—Judgment, denominated order, Supreme Court, Bronx County, entered January 6, 1977, dismissing the writ of habeas corpus, affirmed, without costs and without disbursements, and the stay of sentence vacated. Relator appellant, under intermittent sentence (Penal Law, art 85), has sued to compel respondent warden to consider him for "good time" allowance (Correction Law, § 804, subd 1). It seems to us that the cited statute, which refers to one "confined in an institution serving a *definite* sentence of imprisonment" (our emphasis) forecloses consideration being given to one sentenced under article 85. Our dissenting brother, arguing that subdivision 1 of section 85.10 of the Penal Law "assimilates intermittent sentences procedurally to definite sentences," holds that relator is entitled to such consideration. But that section, correctly quoted in the dissent, speaks only of procedure, and in general terms at that. When the new kind of sentence was enacted into law, a method of both commitment and execution was required to be provided as part of its machinery. The intent of subdivision 1 of section 85.10 was obviously to prescribe the same form and manner of commitment and the same form and manner and location of "execution of the judgment," i.e., imprisonment, for one form of sentence as for the other except for the intermittent nature of the new

method. Good behavior is ruled by an entirely separate law, the Correction Law, which governs in this respect. The section which defines "good behavior allowances against definite sentences" (title of Correction Law, § 804) restricts eligibility thereunder, not alone in the title but in the text, to those so sentenced. It did so in 1967 when enacted (ch 680); it continued, without change by the Legislature, to do so when article 85 of the Penal Law was enacted in 1970 (ch 477); it continued so to read when last amended in 1976 (ch 145). Obviously it was legislative intention to keep it so. The provisions of subdivision 4 of section 70.30 of the Penal Law relating to "good behavior time" contain nothing relevant to the problem here considered. There is thus no statutory basis for extension of the privilege of consideration for good behavior allowances to those committed for intermittent periods. What may be desirable from a penological point of view is not for us to say. If a good behavior allowance is to be permitted to one serving an intermittent sentence, the Legislature can and should say so directly. It has not done so. [53A; M-1000.] The parties have stipulated that the issues in this case are identical with those in *People ex rel. Turano v Cunningham* (Appeal No. 53) and that the stipulation be filed in lieu of briefs and a record on appeal, and that, "in the interests of judicial efficiency and a speedier determination of the within appeal; this appeal by Petitioner Appellant Victor Phillips shall be determined by [this court] according to * * * [the] determination" in the Turano appeal. Though the judgment of dismissal herein was made by a Justice other than the one who dismissed Turano's writ, the issues are indeed identical, and are only of law. The papers annexed to the stipulation present a record sufficient for adjudication of the appeal, and the parties adopt the arguments advanced in the Turano briefs. The motion, considered to have been made jointly, is granted, without costs and without disbursements, the stipulation filed, and the appeal added to the calendar of March 31, 1977. For the reasons stated in *People ex rel. Turano* (Appeal No. 53), the judgment of Supreme Court, Bronx County, denominated an order, dismissing relator's writ of habeas corpus, entered March 3, 1977, should be affirmed, without costs and without disbursements, and the stay of sentence vacated. Concur—Birns, J. P., Capozzoli and Markewich, JJ.; Silverman, J., dissents in the following memorandum as to Appeal No. 53 and Appeal No. 53A (Motion M-1000), as follows: I would reverse the judgments appealed from and grant the writs. Relators in each of these habeas corpus cases, entered guilty pleas in a criminal case and have been sentenced to intermittent weekend imprisonment. Each has served two thirds of his sentence and now petitions for a writ of habeas corpus to compel his consideration for good behavior allowance. In my view, relators are entitled to be considered for good behavior allowance, and I would therefore grant the writs to that extent. The Penal Law assimilates intermittent sentences procedurally to definite sentences. Subdivision 1 of section 85.10 of the Penal Law provides: "Commitment under a sentence of intermittent imprisonment and execution of the judgment shall be in accordance with the procedure applicable to a definite sentence of imprisonment". And subdivision 3 of section 85.00 of the Penal Law provides: "A sentence of intermittent imprisonment may be for any term that could be imposed as a definite sentence of imprisonment for the offense for which such sentence is imposed." Under subdivision 1 of section 804 of the Correction Law, a person serving a definite sentence is entitled to be considered for good behavior allowances: "Every person confined in an institution serving a definite sentence of imprisonment may receive time allowances as discretionary reductions of the term of his sentence not to exceed in the aggregate one-third of the term imposed by

the court. Such allowances may be granted for good behavior and efficient and willing performance of duties assigned or progress and achievement in an assigned treatment program, and may be withheld, forfeited or cancelled in whole or in part for bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned." Respondent argues that a person serving an intermittent sentence is not entitled to be considered for good behavior allowance, basing his argument on the following sentence of subdivision 3 of section 85.00 of the Penal Law, which provides with respect to intermittent sentences: "Duration of sentence * * * The term of the sentence shall commence on the day it is imposed and shall be calculated upon the basis of the duration of its term, rather than upon the basis of the days spent in confinement, so that no person shall be subject to any such sentence for a period that is longer than a period that commences on the date the sentence is imposed and ends on the date the term of the longest definite sentence for the offense would have expired, after deducting the credit that would have been applicable to a definite sentence for jail time but without regard to any credit authorized to be allowed against the term of a definite sentence for good behavior." However, as I read that part of the statute, a person serving an intermittent sentence is not thereby foreclosed from consideration for good behavior allowance. To begin with, a provision "that no person shall be subject to any such sentence for a period that is longer than" does not mean that the period may not be shorter. The references to jail time and good behavior time are not inconsistent with that view. The statute is talking about maximum possible duration; in determining such a maximum, jail time is properly deducted because it is a mandatory deduction; good behavior allowance however, being in part discretionary, is properly not a reduction of the maximum *possible* duration. Further, the point of the whole sentence, as stated in its principal clause, is that the term "shall be calculated upon the basis of the duration of its term, rather than upon the basis of the days spent in confinement, so that". As evidenced by the phrase "so that," the remainder of the sentence is only an elaboration and illustration of this provision. It is a provision to assure to the prisoner a measure of leniency; I doubt that it was intended to make any of the incidents of an intermittent sentence harsher than the corresponding incidents of a definite sentence. "It is a penological commonplace that it is necessary to provide positive incentives for good behavior in prison. Good time allowances are one of those incentives". *(Matter of Amato v Ward,* 41 NY2d 469, 475.) Uncertainties as to the applicability of the good behavior allowance statutes to particular sentences of incarceration should be resolved in favor of permitting such allowances.