■ In the Matter of FRANK FERRARA, Appellant, v SAUL A. JACKSON, as Nassau County Commissioner of Corrections, Respondent. — In a proceeding

pursuant to CPLR article 78 to review a determination of the Nassau County Commissioner of Corrections which refused to apply good behavior credit to petitioner's intermittent sentence of imprisonment, petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 26, 1983, which dismissed the proceeding on the merits. Judgment affirmed, without costs or disbursements. Individuals serving intermittent sentences in accordance with article 85 of the Penal Law are ineligible for a good behavior allowance pursuant to section 804 of the Correction Law (see *People ex rel. Turano v Cunningham,* 57 AD2d 801). Credit for good behavior is clearly a matter of legislative grace and in our view, there is a rational basis for the Legislature to deny this privilege to persons serving intermittent sentences (cf. *People ex rel. McNeil [Golub] v New York State Bd. of Parole,* 57 AD2d 876, 877). Since a sentence of intermittent imprisonment is revocable (see Penal Law, §§ 60.01, 85.00) there is no need to provide additional incentive for the intermittent detainee to behave appropriately during the time of his confinement (cf. *Matter of Amato v Ward,* 41 NY2d 469, 475). The commissioner's interpretation of the relevant statute has a reasonable basis in law and his determination must therefore be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438). Titone, J. P., Mangano and O'Connor, JJ., concur.

Brown, J., dissents and votes to reverse the judgment, grant the petition, and annul the commissioner's determination, with the following memorandum: I agree with the view expressed by my colleague, Justice Silverman of the First Department, in his dissent in *People ex rel. Turano v Cunningham* (57 AD2d 801, 802-803). The procedures applicable to intermittent sentences under the Penal Law are predicated upon those set forth with respect to the imposition of definite sentences (see, e.g., Penal Law, § 85.00, subd 3; § 85.10, subd 1) and I find no basis for concluding that the Legislature intended to in any respect make "the incidents of an intermittent sentence harsher than the corresponding incidents of a definite sentence" (*People ex rel. Turano v Cunningham,* 57 AD2d 801, 803, *supra*). Inmates serving intermittent sentences should, in my view, be afforded the same opportunity for recognition of their "good behavior and efficient and willing performance of duties assigned or progress and achievement in an assigned treatment program" (Correction Law, § 804, subd 1) as those upon whom definite sentences have been imposed. Accordingly, I conclude that the commissioner was not justified in refusing to consider petitioner for a "good time" allowance under subdivision 1 of section 804 of the Correction Law.